UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARGARET-ANN WILLIAMS,
Aggrieved Woman, Claimant Plaintiff,

                                    Plaintiff,

v.                                                                          5:21-CV-0163
                                                                            (GTS/ML)
GASTROENTEROLOGY &
HEPATOLOGY OF CNY,

                                    Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

MARGARET-ANN WILLIAMS
  Plaintiff, *Pro Se*
1519 East Fayette Street
Syracuse, New York 13210


MIROSLAV LOVRIC, United States Magistrate Judge

### **ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an amended

application to proceed *in forma pauperis* (Dkt. No. 7), filed by Margaret-Ann Williams

("Plaintiff") to the Court for review.  For the reasons discussed below, I grant Plaintiff's

amended *in forma pauperis* application (Dkt. No. 7) and recommend that Plaintiff's Complaint

(Dkt. No. 1), be dismissed in its entirety with leave to amend.

## I.    BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that her privacy rights were violated by Defendant Gastroenterology & Hepatology of CNY ("Defendant").  (*See generally* Dkt. No. 1.)  More specifically, Plaintiff alleges that on February 1, 2021, Defendant failed to affix proper adhesive to an envelope that contained a letter with private information regarding an upcoming appointment and procedure.  (*Id.*)  Plaintiff alleges that this envelope and letter were mailed to her private address and "could[,] with little effort[, have] be[en] read by whomever."  (*Id.* at 7.)  Plaintiff's Complaint included sixteen pages outlining Health Insurance Portability and Accountability Act ("HIPAA") penalty ranges and listing specific settlement amounts paid by various covered entities from 2016 through 2020.  (Dkt. No. 1 at 10-25.)  The Complaint also attached a health information privacy and security complaint that, it appears, Plaintiff filed with the Office for Civil Rights.  (Dkt. No. 1 at 33-34.)

Based on the following allegations, Plaintiff asserts the following four causes of action: (1) a claim of breach of privacy, (2) a claim of breach of duty of care, (3) a claim of gross negligence, and (4) a claim that Defendant violated HIPAA privacy laws.  (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks $150,000.00 in damages.  (*Id.*)

Plaintiff also filed an amended application for leave to proceed *in forma pauperis*.  (Dkt. No. 7.)

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

II.    **PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's amended *in forma pauperis* application (Dkt. No. 7), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's amended application to proceed *in forma pauperis* is granted.[3]

III.    **LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v.*

---

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, she will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

*Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he

5

decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.    Claims Pursuant to HIPAA

"HIPAA prohibits the disclosure of medical records without a patient's consent." *Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (citing 42 U.S.C. §§ 1320d-1 to 1320d-7). The Second Circuit has held that "HIPAA confers no private cause of action" and instead "provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Meadows*, 963 F.3d at 244 (citing 42 U.S.C. § 1320d-5(a)(1)).

As a result, to the extent that Plaintiff asserts claims seeking to enforce a violation of HIPAA, I recommend that those claims be dismissed for failure to state a claim. *Id.*

### B.    Claims Pursuant to 42 U.S.C. § 1983

Although Plaintiff does not mention the authority under which she seeks damages from Defendant, to the extent that she attempts to assert any constitutional claims, the Court construes those claims to be made under 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks

omitted).  "A plaintiff pressing a claim of [a] violation of his constitutional rights under § 1983 is thus required to show state action." *Fabrikant*, 691 F.3d at 206 (internal quotation marks omitted).  "State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and*" the involvement of "a person who may fairly be said to be a state actor." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted).

To the extent that Plaintiff attempts to assert any claims pursuant to 42 U.S.C. § 1983, I recommend that those claims be dismissed because she does not plausibly allege that Defendant engaged in state action.  Put simply, none of the conduct that Plaintiff alleges is "fairly attributable to the state." *Fabrikant*, 691 F.3d at 207 (internal quotation marks omitted).  Plaintiff pleads no facts that would establish that Defendant's conduct amounted to state action. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not state action, even though the hospital received state funding and was subject to extensive state regulation).[4]

C.      **State Law Claims**

Plaintiff's remaining claims (breach of privacy, breach of duty of care, and gross negligence) are all pursuant to New York state common law and there is no jurisdiction in federal court for these claims, given the facts alleged by Plaintiff.  While federal courts decide

---

[4]      The Court also notes that "[b]ecause HIPAA does not create a private right, it also cannot be privately enforced under § 1983."  *Segar v. Barnett*, 20-CV-0126, 2020 WL 6565131, at *4 (D. Vt. Nov. 9, 2020) (citing *Estate of Savage v. St. Peter's Hosp. Ctr. of City of Albany, Inc.*, 17-CV-1363, 2018 WL 3069199, at *4 (N.D.N.Y. June 21, 2018) (Stewart, M.J.) ("Courts presented with the issue have . . . held that . . . [HIPAA] cannot be privately enforced via Section 1983.")).

state law claims, those claims are generally either supplemental to a federal claim[5] or brought

under diversity jurisdiction.  There are no viable federal claims in this action.  Thus,

supplemental jurisdiction does not apply.  Plaintiff and Defendant are citizens of the same state.

(Dkt. No. 1 at 1.)  Thus, there is no diversity jurisdiction.

As a result, I recommend dismissal of Plaintiff's state law claims.[6]

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

---

[5]    28 U.S.C. § 1367(a) provides that:

> in any civil action of which the district courts have original jurisdiction,
> the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy under
> Article III of the United States Constitution.  Such supplemental
> jurisdiction shall include claims that involve the joinder or intervention of
> additional parties.

[6]    The Court also notes that "New York does not recognize a common-law right to
privacy."  *Matthews v. Malkus*, 377 F. Supp. 2d 350, 360 (S.D.N.Y. 2005) (citing *Messenger v.
Gruner and Jahr Printing and Publishing,* 94 N.Y.2d 436, 441 (N.Y. 2000)).  A limited statutory
right of privacy does exist, but only covers the use of one's "name, portrait, picture, or voice . . .
for advertising purposes or for the purposes of trade without the written consent first obtained."
*Messenger,* 94 N.Y.2d at 441.  However, Plaintiff does not allege that her name, voice, or
likeness was used by Defendant for any type of advertising or trade purpose.

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

This Court has serious doubts about whether Plaintiff can amend to assert actionable

claims against Defendant.  In this case, amendment of certain claims, such as a claim for

violations of HIPAA, would be futile.  *Segar*, 2020 WL 6565131, at *5 (finding that amendment

of claims for violations of HIPAA would be futile but granting Plaintiff leave to amend to seek

to assert a plausible claim).  However, I am unable to conclude with complete certainty that if

permitted leave to amend her Complaint, Plaintiff could not assert a plausible claim or allege

facts plausibly suggesting jurisdiction over her state law claims.  Accordingly, I recommend that

leave to amend be granted.

If Plaintiff chooses to file an amended complaint, she should note that the law in this

circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient

unless they contain some specific allegations of fact indicating a deprivation of rights, instead of

a litany of general conclusions that shock but have no meaning.'"  *Hunt v. Budd*, 895 F. Supp.

35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.

1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y.

---

[7]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015)
(Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171
F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can
rule out any possibility, however unlikely it might be, that an amended complaint would be
successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

ACCORDINGLY, it is

ORDERED that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED**; and it is further respectfully

RECOMMENDED that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and because the Court lacks subject matter jurisdiction; and it is further

ORDERED that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

---

[8]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: April 19, 2021
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[9]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).